City of Chicago v. Fitzmaurice.

## City of Chicago v. John J. Fitzmaurice.
## Gen. No. 13,540.

1. CIVIL SERVICE COMMISSION—*how rules of, must be proved.* The only competent evidence of the rules of the civil service commission are the original rules adopted, or a copy, proved to be such by a witness who has compared such copy with the original rules and knows that such copy is correct.

2. CIVIL SERVICE ACT—*what proof sufficient to entitle recovery of compensation.* Compensation may be recovered where it appears that the plaintiff duly took the civil service examination for a par-

ticular position, that he passed such examination and was certified to the commission, was appointed to and served in such position, that on charges preferred he was discharged, but that upon *certiorari* proceedings resulting from the discharge, the discharge was quashed.

3. RES JUDICATA—*effect of certiorari proceeding as.* In an action by a civil service employe to recover compensation the judgment in a *certiorari* proceeding instituted by him is *res judicata* with respect to the existence of the office filled by him and also with respect to his appointment.

FREEMAN, J., dissenting.

Assumpsit. Appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Affirmed. Opinion filed December 24, 1907.

**Statement by the Court.** Appellee brought this action of *assumpsit* against appellant to recover his salary as a police patrolman of appellant from November, 1903, when he was suspended pending the determination of certain charges, upon the hearing of which he was discharged, until June 2, 1906, when he was reinstated in his position.

It appears from the record that in April, 1895, the general Civil Service Act was adopted by the electors of the city of Chicago; that in March, 1898, appellee took an examination for the position of patrolman in the department of police, passed and was certified by the Civil Service Commission on requisition by the superintendent of police and given a position as patrolman.

Shortly after his discharge, upon a hearing before the Civil Service Commission, he brought a *certiorari* proceeding in the Superior Court against the Civil Service Commission, the return to which did not show that notice was given to appellee of the time and place of the hearing. The judgment of the court was that the proceedings of the commission be quashed. One Walter Bullis, against whom the same charges were made at the same time, and who was also discharged, brought a similar proceeding against the commission,

with a like result. An appeal was allowed in both cases, and it was stipulated that appellee's case should abide the result of the appeal in the Bullis case. The Supreme Court affirmed the judgment of the Appellate Court, which affirmed the judgment of the lower court. Powell v. Bullis, 221 Ill. 379. Appellee was reinstated accordingly on June 2, 1906.

Appellee offered in evidence the item concerning patrolmen in the appropriation ordinances of the city of Chicago for the years 1903, 1904, 1905 and 1906; certain sections of the Revised Code of Chicago of 1897, creating the department of police; the item from the register of eligibles concerning appellee; alleged rules of the Civil Service Commission purporting to classify the offices and places of employment not exempt by the Civil Service Act pursuant to section 3 of the act.

Appellee testified that since his discharge he made no effort to procure employment, except once, in May, 1904, when he tried to get work as a special policeman.

Evidence on behalf of appellant was admitted, showing the original charges preferred against appellee on which he was discharged in 1903, and also the charges preferred against him on July 24, 1906, and that the latter charges were pending and undetermined before the Civil Service Commission at the time of the trial of this cause in the court below.

The court directed a verdict for appellee for $2,-660.20, and a judgment for that amount was entered.

MICHAEL F. SULLIVAN, GEORGE W. MILLER and CLYDE L. DAY, for appellant; EDWARD J. BRUNDAGE, Corporation Counsel, of counsel.

A. D. GASH, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellee offered and the court admitted in evidence,

over the objection of counsel for appellant, what purports to be the civil service rules adopted by the Civil Service Commission of the city of Chicago. It was not claimed that they were the original rules, or that the original rules had been lost or destroyed or could not be procured. The witness who was secretary of the Civil Service Commission was shown what purported to be a copy of the published rules and classification of the civil service of the city of Chicago, and was asked if that was a copy of the published rules. The court permitted him, over the objection of counsel for appellant, to answer that it was a copy of the reports of the secretary of the commission to the mayor of the proceedings of 1903, issued by the Civil Service Commission, of the rules in force January 31, 1904. The witness further testified, on cross-examination, that he did not know the rules in force January 31, 1904, or prior to that date, or subsequent to that date; that he had not examined the copy of the report closely; that he had looked it over casually. Thereupon the court admitted the report in evidence, and counsel for appellant excepted to the ruling.

In our opinion, no sufficient foundation was laid for the introduction of the copy in evidence. The only competent evidence of the rules was the original rules adopted, or a copy proved to be such by a witness who had compared the copy with the original rules and knew that it was a correct copy thereof. The rules are a public record, and the record itself, or a certified copy thereof, could be procured by appellee, for aught that appears in the record. The admission of the report was error.

We think, however, that it was unnecessary for appellee to make proof of the rules and classification of service. The evidence on both sides of the case showed that appellee took the civil service examination in March, 1898, for the position of policeman; that he passed the examination and was certified by the Civil Service Commission, on a requisition by the superin-

City of Chicago v. Fitzmaurice.

tendent of police, and was appointed to and served in the position of patrolman; that on charges preferred against him he was discharged by the commission, and that on a *certiorari* proceeding brought by appellee in the Superior Court the proceedings of the commission were quashed and held for naught.

Thus the record shows that appellee was never discharged legally and has remained in his position of patrolman during the whole period for which he sues for his salary. We cannot see, therefore, that it was necessary for him to establish, as an original proposition, that there was such a position, and that he was duly appointed to it, for that is necessarily implied and shown, and even admitted by the charges before the commission and the trial before it. If appellee had not been a patrolman regularly appointed according to law, what need was there to file charges against him as patrolman and have a trial before the Civil Service Commission? The return in the *certiorari* proceeding shows that appellee was a patrolman of the city of Chicago. What was stated to be a fact and was necessarily adjudicated upon in that proceeding by the city, ought not to be a subject of litigation again in this case between the same parties. We think appellant is concluded in this case upon the question of the existence of the position, and that appellee was a patrolman duly appointed. Attorney-General v. C. & E. R. R. Co., 112 Ill. 520; Hanna et al. v. Read et al., 102 *id.* 596.

The ruling of the court admitting the immaterial evidence, though erroneous, was not reversible error.

It is urged that the judgment is excessive, in that it includes salary for November, 1903, amounting to $91.66.

We find no error assigned under which this question can be raised.

The judgment of the Superior Court is affirmed.

*Affirmed.*

Mr. Justice FREEMAN dissenting.